## HARPER a. CHAMBERLAIN.

*New York Superior Court; Special Term, October,* 1860.

PLEADING.—COMPLAINT AGAINST DIRECTORS OF CORPORATION.—
DEMURRER.

A demurrer which specifies various grounds of objection to the sufficiency of the allegations of the complaint, without stating any one of the grounds specified in section 144 of the Code, is insufficient.

Form of a sufficient complaint against directors of a corporation for fraudulent representations as to the capital and condition of the company.

Demurrer to complaint.

The plaintiffs brought this suit against the directors of the New York City Fire Insurance Company, to hold them personally liable for the amount due on a policy of insurance issued by the company to the plaintiffs upon their printing and publishing establishment. The complaint charged that the directors of the company published false representations of the amount of capital possessed by the company, in consequence of which the plaintiffs were induced to insure with the company.

The allegations were as follows:

I. That these plaintiffs are, and at all the various times here-

inafter mentioned were, parties in business, as publishers, in the city of New York, under the firm name of Harper & Brothers.

II. That, at some time during the year 1852, not precisely known to these plaintiffs, a company, named or known as the "New York City Insurance Company," was organized in this State for the purpose, among other things, of making insurance upon vessels, freights, goods, wares, merchandise, specie, jewels, profits, commissions, bank-notes, bills of exchange, and other evidences of debt, bottomry and respondentia interests, and to make all and every insurance appertaining to or connected with marine risks, and risks of transportation and navigation; and to make insurance on dwelling-houses, stores, and all kinds of buildings, and upon household furniture, merchandise, and other property, against loss or damage by fire, and the risks of navigation and transportation.

III. That said company was pretended to be organized under the provisions of an act of the Legislature of this State, passed April 10, 1849, entitled "An act to provide for the Incorporation of Insurance Companies."

IV. That, by the pretended charter of said company, it was provided that the business of said company should be conducted upon the plan of mutual insurance; and it was also provided that the capital of said company should be three hundred thousand dollars; and it was also provided that the directors of said company might unite a cash capital of not less than fifty, nor more than two hundred thousand dollars, as an additional security to the insured, above the fund of three hundred thousand dollars, also mentioned in said charter; and it was also provided that the principal office of the company should be located in the city of New York.

V. That upon or after the organization of said company, and prior to March, 1853, the defendants, and each of them, were chosen trustees or directors of said company, and accepted and entered upon office as such; and defendants, and each of them, were, during March, 1853, and before and afterwards, trustees or directors of said company.

VI. That the defendants, as such directors or trustees of said company, fraudulently, and with the intent to induce these plaintiffs and others to make insurances with the said company,

and pay them premiums for such insurances, did, at many times prior to, and during the first week of March, 1853, falsely publish, advertise, aver, and represent to the public at large, and to these plaintiffs, and to the confidential advisers of these plaintiffs, that the capital of said company was five hundred thousand dollars; and that said company was possessed of a paid-up capital of five hundred thousand dollars; and that said company was solvent, and responsible, and able to pay any losses to the amount of five hundred thousand dollars; and they did, fraudulently, and with like intent, prepare, and publish, and exhibit to these plaintiffs, and the confidential advisers of these plaintiffs, a form of policy containing a statement that the capital of said company was five hundred thousand dollars; whereas the fact was, and these defendants well knew, that said company had never raised, and never were possessed of a capital of five hundred thousand dollars in any form; and that they had never raised, and never were possessed of any cash capital exceeding thirty thousand dollars; and that the said company never did raise a capital in any form of the value of even one hundred and fifty thousand dollars.

VII. That these plaintiffs, confiding in the representations aforesaid made to these plaintiffs by the defendants, and confiding in the general reputation of said company, produced by the representations aforesaid made by defendants to the public at large, and being further advised thereto by the confidential advisers of these plaintiffs, who were misled by the representations aforesaid made to them by the defendants, and believing, in consequence of the premises, that the said company was possessed of an actual capital of five hundred thousand dollars, paid in or secured in some of the ways prescribed by the provisions of the act of 1849, hereinbefore referred to, were induced to enter into a contract with said company for an insurance, as hereinafter stated, upon the material, stock, fixtures, and other property of these plaintiffs, used by them in their business, for one year from the 7th day of March, 1853; and these plaintiffs, confiding and believing as aforesaid, were induced by the premises to pay, and on the 7th or 8th day of March, 1853, did pay, to the said company, and to the defendants as directors or trustees thereof, the sum of one hundred and fifty dollars as premium upon such insurance; and were induced by

the premises to make said insurance with said company, instead of making it with other companies, of which there then were a great number, solvent, responsible, and willing to make such insurance on the property described in said policy.

VIII. That the said company did, on the 7th day of March, 1853, execute and deliver to these plaintiffs their policy of insurance, a true copy whereof is hereto annexed, marked Exhibit A, whereby the said company, in consideration of one hundred and fifty dollars, to them paid by these plaintiffs, the receipt whereof was thereby acknowledged, did insure these plaintiffs against loss or damage by fire, to the amount of ten thousand dollars, on their printing and book materials, stock, paper, stereotype plates, fixtures, printed books, and steam-engine and machinery, contained in the premises in the city of New York, described in said policy.

IX. That, on the 10th day of December, 1853, the printing and book materials, stock, paper, stereotype plates, fixtures, printed books, and steam-engine and machinery, described in said policy of insurance, were, by misfortune, and without fraud or evil practice, damaged, consumed, and lost by fire, not happening by means of any invasion, insurrection, riot, or civil commotion, or any military or usurped power; and that, by the said fire, the said insured sustained loss and damage, in and by the consuming, damage, loss, and destruction of said property, to the amount of three hundred and twenty-one thousand nine hundred and ninety-five dollars, estimating the said loss at the true and actual value of the property at the time of the happening of said fire.

X. That, at the time of said fire, there were other insurances effected by these plaintiffs, as permitted by said policy, on the same property, to the aggregate amount of one hundred and eighty-two thousand dollars only.

XI. That, at the time of making said insurance, and from then until the fire above mentioned, these plaintiffs had an interest in the said property insured as the owners thereof, and they were, and now are, the lawful owners and holders of the claim arising upon said policy and loss against the said company.

XII. That these plaintiffs duly fulfilled all the conditions of said policy of insurance upon their part, and did forthwith,

after the said loss and damage by fire, give notice thereof to the said company, and did, as soon thereafter as possible, and on the 17th day of December, 1853, deliver to said company a particular statement of said loss and damage, subscribed by James Harper, one of these plaintiffs, and duly verified by his oath; and these plaintiffs, on the 1st day of June, 1854, and at divers other times, duly demanded from said company payment of the sum of ten thousand dollars and interest, due to them upon said policy by reason of said loss.

XIII. That said company have hitherto always neglected and refused to pay said loss; and these plaintiffs brought an action in the Superior Court of the city of New York against said company, to recover upon said policy for their loss sustained as aforesaid, and were put to great expense therein, and on the 20th day of July, 1857, recovered judgment therein for the full amount of their claim, and interest, and costs, to wit, $11,278.76, and caused execution to be issued thereon, which execution was, on the 24th day of September, 1857, returned wholly unsatisfied.

XIV. That, by reason of the premises, these defendants have sustained great damage.

Wherefore these plaintiffs demand judgment for twenty thousand dollars damages.

The demurrer was as follows:

*First.* That said complaint doth not allege any precise time when said New York City Insurance Company was organized. And that the same is a matter of public record, and ought to be precisely stated.

*Second.* That the plaintiffs allege ignorance of the time of said organization; when, first, as it is a matter of public record, they are by law deemed to have notice, and absolutely to know the same; and, secondly, they, as insured parties, are members of the corporation or company, and deemed in law to know all the facts.

*Third.* The plaintiffs allege that they dealt with the said company as a corporation. They are thereby estopped from denying that it is a corporation, and was such when they dealt with it.

*Fourth.* The laws of this State did not at the time, in the

year 1852, stated in said complaint, authorize the organization of any insurance corporation or company for the purposes stated in Division No. 1 of the said complaint; and a company so organized was unlawful, and could make no valid contract.

*Fifth.* The act of April 10, 1849, referred to in said complaint, does not authorize, and did not at any time authorize, the formation of an insurance company for the purposes named in Division No. 1 of said complaint, nor with the powers specified in the alleged charter of said company; and that such alleged organization was therefore illegal and absolutely void, and could not contract with the plaintiffs; and any pretended contract, and especially the pretended contract of insurance specified in said complaint, was absolutely void, and of no effect.

*Sixth.* That the pretended representations and fraud alleged in the sixth and seventh divisions of said complaint, are not sufficiently alleged in said complaint to charge the defendants; and are not specified with such certainty and particularity as the law requires to form the gist of an action for damages, and put the defendants upon their defence.

*Seventh.* That said complaint doth not specifically allege any amount of damage sustained by the plaintiffs by reason of said representations alleged as fraudulent.

*Eighth.* That the plaintiffs do not show in and by said complaint that they have exhausted their legal remedies at law against said pretended company, and its property, upon the judgment they allege they have obtained, and have thereby failed to collect the same of said company; as, by the very nature of its property, upon their showing, it may have ample means of payment which they might secure, and have applied to their judgment by the appointment of a receiver, in either of two ways provided by law for that special purpose.

*Ninth.* That said complaint doth not allege that the said pretended judgment is still subsisting, and valid, and unreversed; or that no appeal is depending thereon.

*Levi S. Chatfield*, in support of the demurrer.

*Benjamin Vaughan Abbott*, opposed.

BONNEY, J.—The defendant Hobbie has demurred to the

complaint in this action, and alleged nine grounds of demurrer, neither of which is composed in the grounds of demurrer specified in section 144 of the Code. The supposed defect in the complaint, which the pleader probably intended to allege, is, that it does not state facts sufficient to constitute a cause of action. But this ground of demurrer is not so taken or stated as to be available to the defendant. And if properly stated, in my opinion the demurrer could not be sustained. The complaint states, in substance, that the defendants, being directors or trustees of the New York City Insurance Company, pretended to be organized for the transaction of business on the plan of mutual insurance, under the act of April 10, 1849, fraudulently made false representations to the plaintiffs and others in relation to the capital and condition of the company, with intent to induce the plaintiffs to effect insurance with the company, and pay to it premiums therefor. That plaintiffs, induced by such representations, did make a contract of insurance with said company, and pay the company the sum of $150 premium therefor; and that by reason, and in consequence of these facts, plaintiffs have been injured, and sustained damages as stated in the complaint. In my judgment, the statements of the complaint are sufficient to maintain an action. (Pontifex *a*. Begnold, 3 *Mann & Grang.*, 63; Cross *a*. Sackett, 6 *Abbotts' Pr.*, 247.)

The amount of damages which the plaintiff can recover is not now a subject for consideration.

Judgment must be entered for plaintiffs on the demurrer, with leave to defendants to answer in twenty days, on payment of costs.